IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KATHRYN MILLER, | § § | |
| Plaintiff, | § § | C.A. Number: 05-CV-145 GMS |
| v. | § § | |
| | § | **Trial By Jury Demanded** |
| GEOX USA, INC., and GEOX SPA, | § § | |
| Defendants. | § § | |

## AMENDED COMPLAINT

### PARTIES

1. Plaintiff, Kathryn Miller ("Miller" or "Plaintiff"), is a resident of the State of Delaware residing in New Castle County, Delaware.

2. Defendant, Geox USA, Inc. ("Geox USA"), is a corporation of the State of Delaware, in the business of primarily selling shoes throughout the United States. It has a Delaware office located at 804 Interchange Boulevard, Newark, Delaware 19711.

3. Defendant, Geox SPA ("Geox Italy") is an Italian corporation and is the parent of Defendant Geox USA.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over certain claims herein pursuant to 28 USC §1331, because claims brought under 42 USC §1983 arise under the laws of the United States. Furthermore, this Court has supplemental jurisdiction pursuant to 28 USC §1367 over all other claims contained herein.

5. Venue is proper in this judicial district for all causes of action stated herein, as the acts alleged as the basis for these claims took place within the boundaries of the district pursuant to

28 USC §1391.

## BACKGROUND

6. Plaintiff is a white, English speaking female and a United States Citizen with approximately 20 years of experience in accounting and bookkeeping.

7. At all times relevant, Plaintiff was an employee of Geox USA. Her employment started in February 2002 and ended on October 23, 2003.

8. At all times relevant, Geox USA was treated as subordinate to Geox Italy and its employees were under the command of Geox Italy's employees. Further, only persons of Italian descent were given authority in making decisions either in Geox Italy or Geox USA.

9. In March of 2003, Plaintiff requested that she either be paid a higher salary, commensurate with her workload or that she be made a part time employee at her current salary.

10. Defendants declined to raise Plaintiff's salary and instead made her a part time – 3 day a week – employee at her same salary.

11. After Plaintiff became a part time employee of Defendant Geox USA she secured another part time job through an acquaintance in the accounting industry who was familiar with the quality of her work.

12. In May of 2003, Defendants approached Plaintiff and asked her to again work full time for Geox USA. As an inducement for her to leave her other part-time position, Defendants told Plaintiff that she would be the Controller of Geox USA.

13. Based on Defendants' representations and promises, Plaintiff gave notice to her other Part-time employer and began working full time again for Geox USA.

14. Although she was nominally the "Controller" of Geox USA after her return to full-

time status, she was treated differently than other employees of Italian origin and denied the authority normally associated with the position of Controller. In addition, it soon became apparent that Defendants were grooming another employee, of Italian origin, for the Controller's position and that she had merely been asked to return as a full-time employee as a stop gap measure until the employee of Italian origin could assume the position in her stead.

15.    After it became apparent that Defendants' promises and representations about Plaintiff's employment would not be fulfilled and because of the continuous discrimination against persons of American heritage, Plaintiff tendered her resignation as Controller to Geox USA in July 2003. However, at the urging of her supervisor, Livio Libralisso, who was of Italian descent, she was encouraged to stay with Geox USA and not to resign. Mr. Libralisso made promises that he would address what he described as "cultural differences" which were the source of Plaintiff's frustration and which had led her to resign.

16.    Instead of addressing the cultural differences, and the outright discrimination which existed within the corporate structures of Geox Italy and Geox USA, the two corporations instead continued grooming a person of Italian origin to assume Plaintiff's job functions. In September of 2003, Plaintiff was informed that her resignation, which she had withdrawn after her July discussion with Mr. Libralisso, was being accepted and that she would be terminated in the future. In October of 2003, she was informed that the last date for her employment would be October 23, 2003 and that she would be replaced as Controller thereafter by the Italian employee who had been groomed to take her position.

17.    During the term of her employment and despite her position as Controller, Defendants refused to treat Plaintiff as a member of management. For instance, she was not

consulted on decisions, nor was she given all the authority to make decisions, normally within the purview of the job position of Controller. In contrast, her replacement, who was of Italian descent, was immediately given authority, even before he was officially named Controller and was consulted by the other members of the Italian-speaking hierarchy within the two corporations.

18. In order to exclude non-Italians from participating in corporate decisions, the Italian managers would often talk to each other in Italian, thereby excluding the non-Italians.

19. In addition to the foregoing, the two companies regularly discriminated in their hiring practices. When Plaintiff complained about the discriminatory questions asked of applicants for employment, she was excluded from the initial screening process for new employees, even though that would ordinarily be a part of her job duties.

20. Defendants only requested that Plaintiff return to full-time status so that she would be available during their busiest period to perform the routine functions of her position while the other duties of Controller were performed by her eventual replacement.

21. As a result of Defendants' actions, Plaintiff gave up her part-time employment and has effectively lost all chance of returning to such employment or of expanding it to full-time employment.

## COUNT I

## TITLE VII VIOLATION

22. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 21 above.

23. The Defendants are jointly and severally liable for their illegal treatment of Plaintiff by discriminating against her with respect to her job duties and assignment on the basis of her

national origin.

24.     The Defendants through their actions as described above have violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.*

25.     As a result of Defendants' actions, the Plaintiff has suffered and continues to suffer:

   A.     Great pain and emotional distress, harm, and anguish;

   B.     Loss of income and benefits.

## COUNT II

### VIOLATION OF DELAWARE LAW

26.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 25 above.

27.     The Defendants are jointly and severally liable for their illegal treatment of Plaintiff by discriminating against her with respect to her job duties and assignment on the basis of her national origin in violation of 19 *Del. Code* §710, *et. seq*.

28.     As a result of Defendants' actions, the Plaintiff has suffered and continues to suffer:

   A.     Great pain and emotional distress, harm, and anguish;

   B.     Loss of income and benefits.

## COUNT III

### GOOD FAITH AND FAIR DEALING

29.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 31 above.

30.     In May of 2003 Plaintiff, at the request of Defendants , resigned her part-time position in order to work full-time for Defendant Geox USA.

31. The promises made by Defendants to induce Plaintiff to come back to work on a full-time basis were false, and, in fact Defendants had no intention of actually making Plaintiff Controller of Geox USA.

32. As a result of Defendants lack of good faith and fair dealing, Plaintiff irretrievably lost her part-time position and the opportunity to expand and advance in that position.

                                              **BIGGS AND BATTAGLIA**

                                        By: /s/ Robert D. Goldberg
                                              Robert D. Goldberg (ID # 631)
                                              Biggs and Battaglia
                                              921 North Orange Street
                                              P.O. Box 1489
                                              Wilmington, DE  19899
                                              (302) 655-9677

DATED: 6/15/2005                          Attorney for Plaintiff