IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KATHRYN MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 05-CV-145 GMS |
| | ) |
| GEOX USA, INC., and GEOX SPA, | ) |
| | ) |
| Defendants. | ) |

**MOTION FOR ENTRY OF JUDGMENT**

1. Pursuant to Fed. R. Civ. P. 58, Defendants Geox USA, Inc. and Geox, SPA, hereby move for entry of judgment on all of Plaintiff's claims against Geox SPA and on all claims Plaintiff abandoned when she filed her amended complaint. Plaintiff failed to file an answering brief in opposition to Defendants' motion to dismiss her first complaint and has therefore conceded that judgment should be entered on these claims.

2. Fed. R. Civ. P. 58(d) provides that a party may request entry of judgment pursuant to Rule 58(a). Fed. R. Civ. P. 58(a) provides that, subject to Rule 54(b), a court may direct the entry of judgment. Fed. R. Civ. P. 54(b) provides that where multiple claims or parties are involved in a lawsuit, a court may direct entry of judgment with respect to the dismissal of some but not all of the claims or parties if the court expressly certifies that there is no just reason for delay in entering such judgment:

> When more than one claim for relief is presented in an action, . . .
> or when multiple parties are involved, the court may direct the
> entry of a final judgment as to one or more but fewer than all of the
> claims or parties only upon an express determination that there is
> no just reason for delay and upon an express direction for the entry
> of judgment. In the absence of such determination and direction,
> any order or other form of decision, however designated, which
> adjudicates fewer than all the claims or the rights and liabilities of

> fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed. R. Civ. P. 54(b). Rule 54(b) was initially adopted with respect to lawsuits involving multiple claims "in order to avoid the possible injustice of a delay in judgment of a distinctly separate claim to await adjudication of the entire case." Fed. R. Civ. P. 54 Advisory Committee Note (1946). The Rule was amended in 1961 to include actions involving multiple parties because "[t]he danger of hardship through delay of appeal until the whole action is concluded may be at least as serious in the multiple-parties situations as in multiple-claims cases." Fed. R. Civ. P. 54 Advisory Committee Note (1961).

3. On March 10, 2005, Plaintiff Kathryn Miller filed a Complaint in this Court against Defendants Geox SPA, an Italian corporation, and Geox USA, a Delaware corporation. The Complaint had four counts. In Count I, entitled "1983 Violation," brought under 42 U.S.C. § 1983 ("Section 1983"), Miller alleged that Defendants discriminated against her with regard to her "job duties and assignments" based on her national origin (American). In Count II, "1981 Violation," brought under 42 U.S.C. § 1981 ("Section 1981"), Miller alleged that Defendants "interfered with Plaintiff's contract rights and illegally deprived her of her constitutionally guaranteed rights, privileges and immunities." Count III, for "Unconstitutionally Disparate Treatment," claimed that Defendants discriminated against Plaintiff by denying her "the usual authority and benefits which generally accompany the job of Controller" because of her national origin. Count IV, "Good Faith and Fair Dealing," was a state law claim that in May 2003, Defendants made a false promise that Plaintiff would be made Controller of Geox USA to induce Plaintiff to give up a part-time job and return to full-time work for Geox USA.

4.  On March 31, 2005, Defendants filed a Waiver of Service of Summons. On May 10, 2005, Defendants filed a motion to dismiss the complaint and an opening brief in support of the motion to dismiss. The parties then stipulated to a briefing schedule under which Plaintiff's answering brief was due on June 15, 2005.

5.  In their Motion to Dismiss, Defendants argued that the first three counts of the complaint failed to state a claim on which relief could be granted, and, in addition, that there was no basis on which the Court could maintain personal jurisdiction over Geox SPA, an Italian corporation. Defendants also argued that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claim for breach of the implied covenant of good faith and fair dealing.

6.  Plaintiff did not file an answering brief opposing the motion to dismiss.

7.  On June 15, 2005, Plaintiff filed an Amended Complaint that deleted former Counts I through III (the three constitutional claims) and asserted two new claims. The new Count I alleges that Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.* ("Title VII"), by discriminating against Plaintiff "with respect to her job duties and assignment on the basis of her national origin." The new Count II alleges that Defendants violated Delaware's discrimination law, 19 Del. C. § 710, et seq., by discriminating against Plaintiff "with respect to her job duties and assignment on the basis of her national origin." The new Count III is the same as the old Count IV.

8.  On June 21, 2005, the Clerk of the Court issued a deficiency notice to Plaintiff because she failed to attach a black-lined copy of the original complaint to the amended complaint. D.I. 11.

DB01:1708467.1                                                                                                                                                                                              064107.1001

9.     Because Plaintiff did not file an answering brief in accordance with the briefing schedule and to date has not filed an answering brief in opposition to Defendants' motion to dismiss all claims against Geox SPA, the motion remains unopposed, and Plaintiff has waived her right to oppose it. Accordingly, the Court should now enter judgment dismissing with prejudice all claims against Geox SPA and the claims Plaintiff asserted in Counts I, II and III of her first complaint. Defendants have submitted a proposed form of order simultaneously with this motion granting this relief.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Barry M. Willoughby (No. 1016)
Teresa A. Cheek, Esquire (No. 2657)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6666
Facsimile: (302) 576-3345
Attorneys for Defendants

Dated: June 28, 2005