IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KATHRYN MILLER,  )
                 )
         Plaintiff,  )
                 )
    v.           )    C.A. No. 05-CV-145 GMS
                 )
GEOX USA, INC., and GEOX SPA,  )
                 )
         Defendants.  )

**DEFENDANT GEOX USA, INC.'S OPENING BRIEF
IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Barry M. Willoughby, Esquire (Bar I.D. 1016)
Teresa A. Cheek, Esquire (Bar I.D. 2657)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6666
Facsimile: (302) 576-3345
Attorneys for Defendant
Geox USA, Inc.

Dated: July 25, 2005

## TABLE OF CONTENTS

**PAGE**

NATURE AND STAGE OF THE PROCEEDING ................................................................. 1

SUMMARY OF ARGUMENT .......................................................................................... 3

STATEMENT OF FACTS ................................................................................................. 4

ARGUMENT ..................................................................................................................... 5

I.  DEFENDANTS' MOTION TO DISMISS SHOULD BE GRANTED BECAUSE
    PLAINTIFF HAS NOT ALLEGED FACTS STATING A CLAIM UPON WHICH
    RELIEF MAY BE GRANTED. ................................................................................ 5

II. COUNT I OF THE AMENDED COMPLAINT FAILS TO STATE A CLAIM
    UNDER TITLE VII BECAUSE PLAINTIFF HAS NOT OBTAINED A NOTICE OF
    RIGHT TO SUE FROM THE UNITED STATES EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION. .......................................................................... 6

III. THE COURT SHOULD DISMISS COUNT II OF THE COMPLAINT BECAUSE
     PLAINTIFF MAY PURSUE HER STATE LAW DISCRIMINATION CLAIM
     ONLY IN STATE COURT. .................................................................................... 8

IV. THE AMENDED COMPLAINT FAILS TO DESCRIBE ACTIONABLE
    DISCRIMINATORY CONDUCT AND THEREFORE FAILS TO STATE A
    CLAIM UPON WHICH RELIEF CAN BE GRANTED. ....................................... 10

V.  BECAUSE PLAINTIFF HAS NO VIABLE FEDERAL CLAIMS, THE COURT
    SHOULD DECLINE TO EXERCISE JURISDICTION OVER THE STATE LAW
    CLAIMS ASSERTED IN COUNTS II AND III OF THE COMPLAINT ............... 12

CONCLUSION ................................................................................................................ 13

i

064107 1001

# TABLE OF AUTHORITIES

PAGE

**Cases**

*Assa'ad-Faltas v. Commonwealth of Virginia,*
 738 F. Supp. 982 (E.D. Va. 1989) ................................................................. 7

*Boone v. Goldin,*
 178 F.3d 253 (4th Cir. 1999) ...................................................................... 12

*Borough of West Mifflin v. Lancaster,*
 45 F.3d 780 (3d Cir. 1995) ......................................................................... 12

*Collier v. Target Stores Corp.,*
 Civ. No. 03-1144-SLR, 2005 U.S. Dist. LEXIS 6262 (D. Del. April 13, 2005) ........... 11

*Conley v. Gibson,*
 355 U.S. 41, 78 S. Ct. 99 (1957) ................................................................... 5

*Fallon v. Meissner,*
 66 Fed. Appx. 348 (3d Cir. 2003) ................................................................ 11

*Francis v. Board of School Com'rs.,*
 32 F. Supp. 2d 316 (D. Md. 1999) ............................................................... 11

*Giles v. Family Court of the State of Delaware,*
 411 A.2d 599 (Del. 1980) .......................................................................... 10

*Gooding v. Warner-Lambert Co.,*
 744 F.2d 354 (3d Cir. 1984) ......................................................................... 7

*James v. Communications Workers of America, Local 3204,*
 534 F. Supp. 566 (N.D. Ga. 1982) ................................................................. 7

*Johnson-MacCray v. Board of Education,*
 44 FEP 1145 (S.D.N.Y. 1987) ....................................................................... 7

*Marrerro-Rivera v. Dept. of Justice,*
 800 F. Supp. 1024 (D.P.R. 1992) ................................................................... 6

*Mitchell v. Vanderbilt Univ.,*
 389 F.3d 177 (6th Cir. 2004) ...................................................................... 12

ii

*Mosley v. Bay Ship Management, Inc.*,
   2000 U.S. Dist. LEXIS 20251 (D.N.J. 2000) ................................................................ 5

*Pen. Ben. Guar. Corp. v. White Consol. Indus.*,
   998 F.2d 1192 (3rd Cir. 1993), *cert. denied*, 510 U.S. 1042, 114 S. Ct. 687 (1984) ................. 6

*Rivers v. Barberton Bd. of Ed.*,
   143 F.3d 1029 (6th Cir. 1998) .................................................................................... 7

*Rizzitiello v. McDonald's Corp.*,
   No. 01-016-SLR, 2001 U.S. Dist. LEXIS 15747 (D. Del. Sept. 21, 2001) ......................... 6, 10

*Robinson v. City of Pittsburgh*,
   120 F.3d 1286 (3d Cir. 1997) ................................................................................... 11

*Turbe v. Government of Virgin Islands*,
   938 F.2d 427 (3d Cir. 1991) ...................................................................................... 5

*Ward v. Johns Hopkins University*,
   861 F. Supp. 367 (D. Md. 1994) ............................................................................... 12

*Washington v. Union Carbide Corp.*,
   870 F.2d 957 (4th Cir. 1989) ..................................................................................... 5

**Other Authorities**

19 *Del. C.* § 710 ............................................................................................................ 2

19 *Del. C.* § 711 ...................................................................................................... 10, 11

19 *Del. C.* § 712(b) ................................................................................................... 8, 9

19 *Del. C.* § 714(a) ....................................................................................................... 8

29 *U.S.C.* § 630(b) ........................................................................................................ 9

29 *U.S.C.* §§ 621-634 .................................................................................................... 9

42 *U.S.C.* § 1981 ....................................................................................................... 1, 2

42 *U.S.C.* § 1983 ....................................................................................................... 1, 2

42 *U.S.C.* § 2000 ....................................................................................................... 1, 9

42 *U.S.C.* § 2000e-2(a) ............................................................................................... 11

iii

42 *U.S.C.* § 2000e-5(f)(1) ................................................................................ 6

42 *U.S.C.* §§ 12111-12117 ............................................................................. 9

42 *U.S.C.* §§ 2000e-4(g)(1), 2000e-8(b) ...................................................... 9

42 *U.S.C.* §2000e-8(b) .................................................................................. 9

5A C. Wright & A. Plaintiff, *Federal Practice & Procedure: Civ. 2d* §1357 (2d Ed. 1990) ........ 5

Fed. R. Civ. P. 12(c) ................................................................................ 2, 4, 5

## NATURE AND STAGE OF THE PROCEEDING

On March 10, 2005, Plaintiff Kathryn Miller filed a Complaint in this Court against

Defendants Geox SPA, an Italian corporation, and Geox USA, Inc. ("Geox") a Delaware

corporation. The Complaint had four counts. In Count I, "1983 Violation," brought under 42

*U.S.C.* § 1983 ("Section 1983"), Plaintiff alleged that Defendants discriminated against her with

regard to her "job duties and assignments" based on her national origin (American). In Count II,

"1981 Violation," brought under 42 *U.S.C.* § 1981 ("Section 1981"), Plaintiff alleged that

Defendants "interfered with Plaintiff's contract rights and illegally deprived her of her

constitutionally guaranteed rights, privileges and immunities." Count II did not further specify

the nature of the alleged interference or deprivation. Count III, for "Unconstitutionally Disparate

Treatment," claimed that Defendants discriminated against Plaintiff by denying her "the usual

authority and benefits which generally accompany the job of Controller" because of her national

origin. Count IV, "Good Faith and Fair Dealing," was a state law claim that in May 2003,

Defendants made a false promise that Plaintiff would be made Controller of Geox USA to induce

Plaintiff to give up a part-time job and return to full-time work for Geox USA.

On March 31, 2005, Defendants filed a Waiver of Service of Summons. On May 10,

2005, Defendants filed a motion to dismiss the complaint and an opening brief in support of the

motion to dismiss. Plaintiff did not file an answering brief opposing the motion to dismiss, but on

June 15, 2005, Plaintiff attempted to file an Amended Complaint.[1] The Amended Complaint

omits former Counts I through III and renumbers the former Count IV. Count I now alleges that

Defendants violated Title VII of the Civil Rights Act of 1964, 42 *U.S.C.* § 2000, *et seq.* ("Title

VII"), by discriminating against Plaintiff "with respect to her job duties and assignment on the

---

[1] On June 21, 2005, the Clerk of the Court issued a deficiency notice (D.I. 11) to Plaintiff's counsel. The Amended Complaint was docketed on July 25, 2005 as Docket Item 19.

basis of her national origin." Count II now alleges national origin discrimination in violation of Delaware's discrimination law, 19 *Del. C.* § 710, et seq., with respect to Plaintiff's "job duties and assignment." Count III, entitled "Good Faith and Fair Dealing," alleges that that in May 2003, Defendants made a false promise that Plaintiff would be made Controller of Geox USA to induce Plaintiff to give up a part-time job and return to work full-time for Geox USA. Plaintiff claims that the resulting injury was the "irretrievable loss" of her former part-time position with another employer.

On June 27, 2005, Defendants filed a motion for entry of judgment on Counts I, II and III of the Complaint and on all of Plaintiff's claims against Geox SPA on the ground that Plaintiff had failed to submit any opposition to Defendants' motion to dismiss these claims. On July 8, 2005, Plaintiff's counsel advised the Court and Defendants by letter that she did not oppose their motion for entry of judgment. On July 11, 2005, Plaintiff and Defendants filed a Stipulation and Order (subject to the Court's approval), dismissing with prejudice all of Plaintiff's claims against Geox SPA as well as Plaintiff's claims against both defendants under 42 *U.S.C.* § 1983, 42 *U.S.C.* § 1981 and the United States Constitution. The parties also stipulated that Geox would file an answer to the Amended Complaint on or by July 22, 2005. The Court granted Defendants' June 27, 2005 motion on July 13, 2005.

On July 25, 2005, Geox filed an answer to the Amended Complaint and a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). This is Geox's opening brief in support of its motion.

2

## SUMMARY OF ARGUMENT

1.     Count I of the Amended Complaint fails to state a claim of national origin discrimination under Title VII because Plaintiff has not obtained a Notice of Right to Sue from the United States Equal Employment Opportunity Commission, which is an express statutory pre-condition to filing suit.

2.     The Court should dismiss Count II of the Complaint because Delaware's state employment discrimination law requires Plaintiff to pursue her state law discrimination claim in state court only.

3.     The Court should dismiss Count I of the Amended Complaint because the alleged discriminatory conduct that Plaintiff attributes to Defendants is not actionable.

4.     The Court should decline to exercise supplemental jurisdiction over Counts II and III of Plaintiff's Complaint because they are state law claims and Plaintiff's federal law claim is not viable.

3

## STATEMENT OF FACTS

Although Defendants strongly dispute Plaintiff's description of her employment with and departure from Geox, for purposes of this motion[2] only, the truthfulness of Plaintiff's allegations must be accepted. Accordingly, for purposes of ruling on this motion, the Court should consider the following facts.

Plaintiff Kathryn A. Plaintiff's Complaint alleges that she is a resident of the State of Delaware. Complaint ¶ 1. She is a white, English-speaking female and United States citizen. Complaint ¶ 6. She has 20 years of experience in accounting and bookkeeping. Complaint ¶ 6.

Geox  is a Delaware corporation in the business of selling shoes, with an office in Newark, Delaware. Complaint ¶ 2. Plaintiff began working for Geox in February 2002. Complaint ¶ 7. She alleges that in March 2003, she asked for either a raise or a reduction in hours with no reduction in her salary. Complaint ¶ 9. Plaintiff's schedule was reduced to three days a week without a reduction in her salary. Complaint ¶ 10. Plaintiff obtained another part-time job. Complaint ¶ 11.

Her Complaint further alleges that in May 2003, Plaintiff was asked to return to a full-time schedule and told her she would be the Controller of Geox. Complaint ¶ 12. Plaintiff gave notice to her other employer and began working for Geox on a full-time basis. Complaint ¶ 13. When Plaintiff returned to full-time status at Geox, her title was Controller. Complaint ¶¶ 13, 14.

Plaintiff alleges that in July 2003, she tendered her resignation from her position as Controller. Complaint ¶ 15. Plaintiff's supervisor, Livio Libralesso, who is of Italian descent, urged her not to resign. Complaint ¶ 15. Libralesso promised Plaintiff that he would address the "cultural differences" that Plaintiff found frustrating and that she alleges had induced her

---

[2]    For purposes of this motion only, the well-pleaded allegations of Plaintiff's complaint are assumed to be true, as required by Fed. R. Civ. P. 12(b)(6) and 12(c).

DB01:1708225.2                                                                                      064107.1001

resignation. Complaint ¶ 15. In September 2003, Plaintiff was told that her resignation was

accepted. Complaint ¶ 16. In October 2003, Plaintiff was told that her last day of employment

would be October 23, 2003. Complaint ¶ 16. Plaintiff was told that an Italian employee would

replace her as Controller. District Court Complaint ¶ 16.

**ARGUMENT**

I.      **DEFENDANTS' MOTION TO DISMISS SHOULD BE GRANTED BECAUSE PLAINTIFF HAS NOT ALLEGED FACTS STATING A CLAIM UPON WHICH RELIEF MAY BE GRANTED.**

The standard for deciding a motion for judgment on the pleadings under Fed. R. Civ. P.

12(c) for failure to state a claim upon which relief can be granted is the same as the standard for

a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Turbe v. Government of Virgin Islands*, 938

F.2d 427, 428 (3d Cir. 1991). A motion to dismiss should be granted where a plaintiff has not

pleaded and cannot plead any set of facts upon which relief can be granted. *See, e.g., Conley v.

Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957); *Washington v. Union Carbide Corp.*, 870 F.2d

957, 962 (4th Cir. 1989). In considering the allegations of the complaint, only the truth of well-

pleaded facts need be assumed; conclusory legal and factual contentions need not be given

weight. *See, e.g.*, 5A C. Wright & A. Plaintiff, *Federal Practice & Procedure: Civ. 2d* §1357 at

311-19 (2d Ed. 1990). Further, it is improper to assume that a plaintiff can prove facts not

alleged. *Mosley v. Bay Ship Management, Inc.*, 2000 U.S. Dist. LEXIS 20251, *9 (D.N.J. 2000).

(Exhibit A).

In deciding a motion to dismiss, the Court may consider the complaint, exhibits attached

to the complaint, matters of public record and undisputedly authentic documents if the plaintiff's

claims are based upon those documents. *Id.* at *10 (citing *Pen. Ben. Guar. Corp. v. White*

5

*Consol. Indus.*, 998 F.2d 1192, 1196 (3rd Cir. 1993), *cert. denied*, 510 U.S. 1042, 114 S. Ct. 687

(1984).

## II.    COUNT I OF THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UNDER TITLE VII BECAUSE PLAINTIFF HAS NOT OBTAINED A NOTICE OF RIGHT TO SUE FROM THE UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION.

Count I of the Amended Complaint alleges national origin discrimination in violation of

Title VII, but Count I must be dismissed because Plaintiff has failed to comply with the

administrative requirements for such a claim. There are several statutory procedural prerequisites

to bringing a private cause of action under Title VII. The plaintiff must first file a timely charge

of discrimination with the United States Equal Employment Opportunity Commission

("EEOC"). 42 *U.S.C.* § 2000e-5(f)(1). Title VII gives the EEOC 180 days after the filing of the

charge to investigate and attempt to settle the charge or to file suit on the charging party's behalf.

*Id.* Before a charging party may pursue his or her claim in court, the charging party must obtain

from the EEOC a notice (commonly known as a "right-to-sue letter") advising the charging party

that he or she has the right to bring a private action against the employer. *Id. See Rizzitiello v.*

*McDonald's Corp.*, No. 01-016-SLR, 2001 U.S. Dist. LEXIS 15747, *7-8 (D. Del. Sept. 21,

2001) (Exhibit B).

As one court explained, "Requiring the complainant to obtain a right-to-sue letter serves

three very important policy considerations: An emphasis on private dispute resolution, an

attempt to prevent concurrent court and agency action, and the regulation of the statute of

limitations for private actions." *Marrerro-Rivera v. Dept. of Justice*, 800 F. Supp. 1024, 1028

(D.P.R. 1992). Another court observed:

> A right to sue letter is more than a procedural nicety. . . . Congress intended that
> enforcement of Title VII's requirements would be shared between the EEOC and
> private litigants. The scheme Congress established to implement that shared

6

responsibility must be honored. In the absence of a right to sue letter, plaintiff's
Title VII claims must be dismissed.

*James v. Communications Workers of America, Local 3204*, 534 F. Supp. 566, 570 (N.D. Ga.

1982). The court also noted that "where, as here, the plaintiff has failed to obtain a right to sue

letter, even by the time of a motion for dismissal, the courts are unanimous that the suit must be

dismissed." *Id.* at 570.

As demonstrated in *Rivers v. Barberton Bd. of Ed.*, 143 F.3d 1029 (6th Cir. 1998),

requiring the plaintiff to obtain a right-to-sue letter before filing suit also helps to prevent the

plaintiff from filing suit, losing, obtaining a right-to-sue letter, and suing again on the same

claim. In *Rivers*, the Sixth Circuit upheld the trial court's dismissal of a Title VII claim where the

plaintiff had failed to obtain right-to-sue letter either before or during the suit, noting that the

plaintiff could have and should have obtained the letter but did not do so until after summary

judgment was granted for defendant. *See also, Gooding v. Warner-Lambert Co.*, 744 F.2d 354

(3d Cir. 1984) (pleading the issuance of a right-to-sue letter is not jurisdictional prerequisite to

maintaining Title VII suit but defendant is free to raise issue of failure to obtain right-to-sue

letter via motion to dismiss); *Assa'ad-Faltas v. Commonwealth of Virginia*, 738 F. Supp. 982

(E.D. Va. 1989) (dismissing Title VII claims where plaintiff had not obtained right-to-sue letter);

*Johnson-MacCray v. Board of Education*, 44 FEP 1145 (S.D.N.Y. 1987) (same).

In the case at bar, the Amended Complaint is devoid of allegations regarding the

administrative prerequisites to suit. Plaintiff has not alleged that she obtained a right-to-sue

letter. Because Plaintiff has not satisfied the statutory prerequisites to filing suit and has not even

acknowledged the requirement that she do so, the Court should dismiss Count I of the

Complaint.

7

III.    **THE COURT SHOULD DISMISS COUNT II OF THE COMPLAINT BECAUSE PLAINTIFF MAY PURSUE HER STATE LAW DISCRIMINATION CLAIM ONLY IN STATE COURT.**

The Delaware Discrimination in Employment Act ("the Act") was substantially revised in 2004 to give employees an exclusive statutory right to pursue a civil action for violations of the Act in state court. *See* 19 *Del. C.* §§ 712(b), 714(a). Plaintiff has attempted to assert such a claim in Count II of her Amended Complaint, but her claim must be rejected because she may not pursue a claim under the Act in this Court.

Section 714 of the Act provides, in pertinent part:

> (a) A charging party may file a civil action in Superior Court, after exhausting the administrative remedies provided herein and receipt of a Delaware Right to Sue Notice acknowledging same.

> (b) The Delaware Right to Sue Notice shall include authorization for the charging party to bring a civil action under this chapter in Superior Court by instituting suit within 90 days of its receipt or within 90 days of receipt of a federal Right to Sue Notice, whichever is later.

> (c) The charging party shall elect a Delaware or federal forum to prosecute the employment discrimination cause of action so as to avoid unnecessary costs, delays and duplicative litigation. A charging party is barred by this election of remedies from filing cases in both Superior Court and the federal forum. If the charging party files in Superior Court and in a federal forum, the respondent may file a motion to dismiss the Superior Court action under this election of remedies provision.

Section 715 of the Act provides, in pertinent part: "Superior Court shall have jurisdiction over all proceedings brought by the charging party pursuant to § 714 of this title."    .

Although the Act acknowledges the possibility that a charging party may potentially have rights under both federal and state employment discrimination laws, the procedures and remedies authorized by the Act do not include a lawsuit in this Court. The Act's procedures commence when a charging party files a discrimination charge with the Delaware Department of Labor ("DDL") under the Act. In many cases, charging parties also file charges under Title VII and/or

8

similar federal statutes such as the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 *U.S.C.* §§ 621-634, and the Americans with Disabilities Act ("ADA"), 42 *U.S.C.* §§ 12111-12117. *See* 19 *Del. C.* § 712 (authorizing the DDL to investigate charges filed under the Act); 42 *U.S.C.* §§ 2000e-4(g)(1), 2000e-8(b) (authorizing EEOC to enter into work sharing agreements with the states so that state agencies can investigate federal discrimination charges). Whether charges may be filed under federal as well as state law depends on the size of the employer. Under the coverage provisions of the federal discrimination laws, a charging party may bring Title VII or ADA charges only against employers with more than 15 employees, and may bring age discrimination charges only against employers with 20 or more employees.[3]

The DDL will investigate the employee's claims, attempt to conciliate them, and issue a determination of "reasonable cause" or "no reasonable cause" to believe that the employer violated the Act. 19 *Del. C.* § 712. At that point, the DDL will issue a Delaware Right to Sue Notice ("DRTSN") that acknowledges the charging party's right to pursue a civil action in Superior Court under Section 714 of the Act. The charging party has 90 days after issuance of the DRTSN to commence suit in Superior Court under the Act.

Section 715(1) authorizes the Superior Court to provide remedies for violations of the Act, but it does not authorize this Court to entertain civil actions under the Act or to provide any remedies for violations of the Act. Accordingly, Count II of Plaintiff's Amended Complaint must be dismissed.

---

[3] *See* 42 *U S C* § 2000e(b) (under Title VII, "employer" means "a person engaged in industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person"); 42 *U.S.C.* § 12111(5)(A) (under ADA, "employer" means "a person engaged in industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such a person"); 29 *U S C.* § 630(b) (under ADEA, "employer" means "a person engaged in industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person").

## IV.   THE AMENDED COMPLAINT FAILS TO DESCRIBE ACTIONABLE DISCRIMINATORY CONDUCT AND THEREFORE FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

The factual basis for Plaintiff's discrimination claim is that Defendants allegedly discriminated against her with regard to her "job duties and assignments." Her allegations in this regard are vague and conclusory: Plaintiff says she was "denied the authority normally associated with the position of Controller," Complaint, ¶ 14, and that she was not treated "as a member of management," Complaint, ¶ 17. The only even marginally specific allegations in this regard are that Plaintiff was not "consulted" by Italian-speaking managers (Plaintiff evidently does not speak Italian and she does not state whether the Italian-speaking managers could speak English) and that Plaintiff was excluded from interviews of prospective hires (not a function one would "normally" associate with a Controller). Plaintiff's allegations that her job duties and assignments were discriminatory fail to state a claim under Title VII.[4]

Title VII provides:

> It is an unlawful employment practice for an employer -- (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

---

[4]      Plaintiff's claims also therefore are not actionable under the Delaware state employment discrimination statute *See Rizzitiello v McDonald's Corp* , 868 A 2d 825, 829-30 (Del  2005) (adopting Title VII analysis for state law race discrimination claim brought under theory of breach of implied covenant of good faith and fair dealing); *Giles v Family Court of the State of Delaware*, 411 A 2d 599, 601 (Del. 1980) (adopting Title VII analysis for alleged violations of state employment discrimination law, 19 *Del C* § 711)

42 *U.S.C.* § 2000e-2(a).[5] As the Third Circuit has noted, "not every insult, slight, or

unpleasantness gives rise to a valid Title VII claim." *Robinson v. City of Pittsburgh*, 120 F.3d

1286, 1297 (3d Cir. 1997). In any Title VII case, the plaintiff must allege and prove that the

defendant's discrimination took the form of a "material" adverse employment action. *Fallon v.*

*Meissner*, 66 Fed. Appx. 348, 351 (3d Cir. 2003). Such actions must be "serious and tangible

enough to alter an employee's compensation, terms, conditions, or privileges of employment."

*Robinson,* 120 F.3d at 1300-01.

　　　To the extent that Plaintiff is relying on the nature of the duties or responsibilities

assigned to her rather than clearly actionable employment decisions such as refusal to hire or

termination, she must show that the changes in her responsibilities were so significant as to be

"material" to her employment. In *Collier v. Target Stores Corp.*, Civ. No. 03-1144-SLR, 2005

U.S. Dist. LEXIS 6262 (D. Del. April 13, 2005) (Exhibit C), this Court held that there was no

adverse employment action where the plaintiff, a head pharmacist in one of defendant's stores,

alleged that she was relieved of her scheduling duties and her position on the "Third Party

Committee."[6] Likewise, in *Francis v. Board of School Com'rs.*, 32 F. Supp. 2d 316, 320 n.3 (D.

Md. 1999), the court held that there was no adverse employment action where the plaintiff was

reassigned to her "original department, with her original title and at her original salary, albeit

with slightly reduced supervisory duties."

---

[5]　　　Delaware's employment discrimination law similarly states:
　　　　　　It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire
　　　　　　or to discharge any individual or otherwise to discriminate against any individual with
　　　　　　respect to compensation, terms, conditions or privileges of employment because of such
　　　　　　individual's race, marital status, genetic information, color, age, religion, sex, or national
　　　　　　origin; or (2) limit, segregate, or classify employees in any way which would deprive or
　　　　　　tend to deprive any individual of employment opportunities or otherwise adversely affect
　　　　　　the individual's status as an employee because of such individual's race, marital status,
　　　　　　genetic information, color, religion, age sex, or national origin.
19 *Del. C.* § 711(a).
[6]　　　The Third Party Committee played a role in marketing to increase pharmacy sales and helped answer
pharmacists' third-party billing questions. *Id.*, 2005 U.S. Dist. LEXIS 6262 at *5.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　064107 1001

In *Mitchell v. Vanderbilt Univ.*, 389 F.3d 177 (6th Cir. 2004), the court rejected the claims of a university professor whose employer reduced his research lab space, revoked his mentor status, took away a graduate research assistant, proposed (but did not implement) a reduction in his pay and his assignment to a hospital research laboratory, reviewed his research grant applications, removed him from his position of pathology services director, and did not select him for the position of clinical laboratory director. The court held that the employer's actions were not sufficiently adverse to constitute actionable age discrimination.

In *Boone v. Goldin*, 178 F.3d 253 (4th Cir. 1999), the court wrote:

> [B]ased on our certainty that Congress did not intend Title VII to provide redress for trivial discomforts endemic to employment . . . we conclude that reassignment can only form the basis of a valid Title VII claim if the plaintiff can show that the reassignment had some significant detrimental effect on her."

178 F.3d at 256. *See also Ward v. Johns Hopkins University*, 861 F. Supp. 367, 377 (D. Md. 1994) (no adverse employment action where supervisor stopped speaking to plaintiff and gave her less favorable assignments).

## V.  BECAUSE PLAINTIFF HAS NO VIABLE FEDERAL CLAIMS, THE COURT SHOULD DECLINE TO EXERCISE JURISDICTION OVER THE STATE LAW CLAIMS ASSERTED IN COUNTS II AND III OF THE COMPLAINT.

When a federal court has exercised jurisdiction over both federal and state law claims, and has dismissed the federal claims, the court may then decline to exercise jurisdiction over the remaining state law claims. The general rule in the Third Circuit is that in the absence of viable federal law claims, the court should decline to exercise jurisdiction over state law claims, "unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995). Because the case at bar has not progressed beyond the filing of the amended complaint, the answer to the amended complaint, and this motion, there is no affirmative

12

justification for this court to retain jurisdiction, and accordingly Counts II and III should also be dismissed.

**CONCLUSION**

For all the foregoing reasons, Defendant respectfully requests that the Complaint be dismissed in its entirety.

        Respectfully submitted,

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        _____
        Barry M. Willoughby (No. 1016)
        Teresa A. Cheek, Esquire (No. 2657)
        The Brandywine Building, 17th Floor
        1000 West Street, P.O. Box 391
        Wilmington, Delaware 19899-0391
        Telephone: (302) 571-6666
        Facsimile: (302) 576-3345
        E-mail: bwilloughby@ycst.com; tcheek@ycst.com
        Attorneys for Defendant
        Geox USA, Inc.

Dated: July 25, 2005

13

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2005, I electronically filed a true and correct copy of the foregoing Defendant Geox USA, Inc.'s Opening Brief In Support Of Its Motion For Judgment On The Pleadings with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record. A courtesy copy of such Defendant Geox USA, Inc.'s Opening Brief In Support Of Its Motion For Judgment On The Pleadings was also hand delivered to the following counsel of record on this date.

> Robert D. Goldberg, Esquire
> Biggs & Battaglia
> 921 North Orange Street
> P.O. Box 1489
> Wilmington, DE 19899


> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> _____
> Barry M. Willoughby, Esquire (No. 1016)
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE 19899-0391
> Telephone: (302) 571-6666
> Facsimile: (302) 576-3345
> Email: bwilloughby@ycst.com
> Attorneys for Geox USA, Inc.

Dated: July 25, 2005