# EXHIBIT B

**SUSAN RIZZITIELLO, Plaintiff, v. MCDONALD's CORP., and MCDONALD'S RESTAURANT OF DELAWARE, INC., Defendants.**

C.A. No. 01-016-SLR

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

2001 U.S. Dist. LEXIS 15747

September 21, 2001, Decided

**SUBSEQUENT HISTORY:** Related proceeding at Rizzitiello v. McDonald's Corp., 2004 Del. Super. LEXIS 46 (Del. Super. Ct., Feb. 11, 2004)

**DISPOSITION:** [*1] Defendants' motion to dismiss (D.I. 3) granted on the 42 U.S.C. § 2000e et seq. claim and the Fifth Amendment claim. Case remanded to the Superior Court of New Castle County, Delaware, pursuant to 28 U.S.C. § 1444(c).

**COUNSEL:** John R. Weaver, Jr., Esquire, Wilmington, Delaware, for plaintiff.

Michael P. Kelly, Esquire, and James J. Freebery, Esquire, McCarter & English, Wilmington, Delaware, for defendants.

Michael L. Banks, Esquire and Sean V. Burke, Esquire, Morgan, Lewis & Bockius, Philadelphia, Pennsylvania, for defendants.

**JUDGES:** Sue L. Robinson, United States District Judge.

**OPINIONBY:** Sue L. Robinson

**OPINION:**

    MEMORANDUM OPINION

Dated: September 21, 2001
Wilmington, Delaware

**ROBINSON, Chief Judge**

**I. INTRODUCTION**

    Plaintiff Susan Rizzitiello instituted this employment discrimination action in the Superior Court of New Castle County, Delaware, on December 5, 2000. Defendants McDonald's Corp. ("the

corporation") and McDonald's Restaurant of Delaware, Inc., ("the restaurant") removed this action to federal court on January 9, 2001 pursuant to 28 U.S.C. § 1441 on the basis that this court has **[\*2]** original jurisdiction over this matter under 28 U.S.C. § 1331. (D.I. 1)

In her complaint, plaintiff claims defendants discriminated against her in violation of 42 U.S.C. 2000e et seq. and 19 Del.C. § 711 et seq.. She also asserts their conduct constitutes slander, negligence, emotional distress, a breach of the implied covenant of good faith and fair dealing and an invasion of privacy. (D.I. 1, Ex. A) Defendants moved to dismiss on January 17, 2001, arguing: (1) plaintiff has failed to exhaust administrative remedies pursuant to 42 U.S.C. § 2000e; (2) defendants are not state actors for Fifth Amendment purposes; (3) plaintiff's claims for slander, negligence, emotional distress, breach of implied covenant of good faith and fair dealing are barred by the two year statute of limitations set forth in 10 Del.C. P 8119; and (4) the breach of contract action does not state a claim for relief. (D.I. 3) Plaintiff has filed opposition to the motion, and defendants have filed a reply. (D.I. 9, 11) For the reasons that follow, defendants' motion for summary judgment is granted on the 42 U.S.C. § 2000e **[\*3]** et seq. claim and the Fifth Amendment claim. The remaining allegations are remanded to the Superior Court of New Castle County, Delaware pursuant to 28 U.S.C. § 1441(c).

## II. FACTS

According to the affidavit of plaintiff, she was hired by defendant restaurant in August 1979 and became the manager in 1997. (D.I. 9, Ex. A) She received good performance reviews and her store was rated a "B" in quality checks. Sometime thereafter, plaintiff learned that Leslie Mosley ("Mosley") was going to become her supervisor. Plaintiff is white and Mosley is African-American. (D.I. 9, at 1, P1) Two McDonald's co-workers told plaintiff that Mosley intended to have her fired. Plaintiff claims she followed the company policy manual and informed her supervisor of this information. Plaintiff also contacted the Personnel Department, but no action was taken.

In December 1997, while plaintiff was on vacation, Mosley along with two other employees used plaintiff's computer and changed the January schedule as well as inventory reports for the restaurant. When she returned, plaintiff learned of the intrusions and informed the Personnel Department. During a meeting with **[\*4]** a Personnel representative, plaintiff was informed that inventory reports showed $ 6,000.00 worth of food missing. Plaintiff indicates she was advised to resign as she would never receive another promotion within the corporation. This inventory report is inaccurate, argues plaintiff, and submits, in support, her copies of the reports, which reflect the food loss was within normal levels and was less than $ 600.00. (D.I. 9, Ex. B) Because she felt no one was listening to her complaints and the likelihood of promotion was nil, plaintiff resigned from her position with the restaurant in January 1998.

## III. STANDARD OF REVIEW

Since matters outside the pleadings have been introduced, the motions to dismiss will be converted to ones for summary judgment. See Fed. R. Civ. P. 12(b)(6); Camp v. Brennan, 219 F.3d 279, 280 (3d Cir. 2000)(consideration of matters beyond the complaint converts a motion to dismiss into a motion for summary judgment). A party is entitled to summary judgment only when the court concludes "that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving **[\*5]** party bears the burden of proving that no material issue of fact is in dispute. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475

Case 1:05-cv-00145-GMS   Document 21-3   Filed 07/25/2005   Page 4 of 5

Page 3
2001 U.S. Dist. LEXIS 15747, *

U.S. 574, 586 n. 10, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986). Once the moving party has carried its initial burden, the nonmoving party "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Id. at 587(quoting Fed. R. Civ. P. 56(e)). "Facts that could alter the outcome are 'material', and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." Horowitz v. Federal Kemper Life Assur. Co., 57 F.3d 300, 302 n. 1 (3d Cir. 1995). If the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). The mere existence of some evidence in support of the party will not be sufficient for denial of a motion **[*6]** for summary judgment; thee must be enough evidence to enable a jury to reasonably to find for the nonmoving party on that factual issue. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). This court, however, must "view all the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." Pa. Coal Ass'n. v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995); Pacitti v. Macy's, 193 F.3d 766, 772 (3d Cir. 1999).

## IV. DISCUSSION

### A. Employment Discrimination

Plaintiff's first claim against defendants is that she was subjected to race discrimination and harassment by the actions of defendant restaurant employee Mosley, in violation of 42 U.S.C. § 2000e et seq. According to the plaintiff's complaint, Mosley made "statements, remarks and gestures about plaintiff which were embarrassing, provocative or derogatory in nature." (D.I. 1, Ex. A, P8) Attempts were made by plaintiff to discuss Mosley's actions with other managers of the restaurant, but she received no assistance.

Defendants argue plaintiff cannot **[*7]** state a claim for employment discrimination under Title VII, 42 U.S.C. § 2000e, because she has failed to comply with the mandatory exhaustion requirements. Defendants substantiate their argument with the affidavit of their in-house counsel, who denies ever being served with a charge of discrimination filed by plaintiff under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e et seq., or the Delaware Fair Employment Practices Act, 19 Del.C. § 711 et seq. (D.I. 3, Ex. A)

To proceed with an employment discrimination action under Title VII, a plaintiff "must file a charge of discrimination with the Equal Employment Opportunity Commission within 300 days of the occurrence of unlawful act or within 180 days if the individual is in a state that has no administrative agency to resolve discrimination claims." Wright v. ICI Americas Inc., 813 F. Supp. 1083, 1086 (D.Del. 1993). Because Delaware has such an agency, the appropriate filing time is 300 days. Id.; 19 Del.C. § 711. After a charge is filed, a plaintiff must exhaust his administrative remedies. 42 U.S.C. § 2000e-5. Before **[*8]** a complaint under Title VII can be instituted, a right to sue letter must be received from the EEOC.

Here, plaintiff admits to not filing a charge with the EEOC. (D.I. 9, at 5, PA) Since a charge was never filed it is obvious she has not exhausted her administrative remedies. Considering the mandatory exhaustion requirement and the absence of any evidence even suggesting plaintiff filed a charge with the EEOC, defendants' motion for summary judgment on this issue is granted. E.E.O.C. v. Commercial Office Products Co., 486 U.S. 107, 110, 100 L. Ed. 2d 96, 108 S. Ct. 1666 (1988).

Case 1:05-cv-00145-GMS    Document 21-3    Filed 07/25/2005    Page 5 of 5

Page 4
2001 U.S. Dist. LEXIS 15747, *

### B. Fifth Amendment

In paragraph 28 of her complaint, plaintiff alleges defendants' actions violate the Fifth Amendment of the United States Constitution. She does not provide any details. (D.I. 1) Defendants assert the Fifth Amendment "restricts only federal action, not the conduct of private citizens or corporations," Public Utilities Comm'n v. Pollak, 343 U.S. 451, 461, 96 L. Ed. 1068, 72 S. Ct. 813 (1952), and does not implicate their conduct. In response, plaintiff indicates discovery is necessary so she may establish that defendants operated under color of local, **[*9]** state and federal law. (D.I. 9) Defendants claim allowing discovery would amount to a fishing expedition since there are no facts that plaintiff could find which would disprove that McDonald's is a private corporation. The court agrees.

The "limitations of the fifth amendment restrict only federal governmental action and not the actions of private entities." Nguyen v. U.S. Catholic Conference, 719 F.2d 52, 54 (3d Cir. 1983); Public Utilities Commission, 343 U.S. at 461. To maintain a Fifth Amendment claim, plaintiff must demonstrate state action on the part of defendants under the Fourteenth Amendment's standards. Nguyen at 54; Bethel v. Jendoco Const. Corp., 570 F.2d 1168, 1176 (3d Cir. 1978). There must be a sufficiently close nexus between the state and the implicated action. Bethel, at 1176.

Plaintiff has provided no set of facts or allegations to support a showing of a sufficiently close nexus between defendants and any state action. To allow plaintiff to proceed with discovery without any foundation for her claims, would truly constitute an unwarranted fishing expedition.

### V. CONCLUSION

Having found summary **[*10]** judgment appropriate on the only two federal claims, the court finds remand to the Superior Court of New Castle County, Delaware, pursuant to 28 U.S.C. § 1441(c), is warranted.

### ORDER

At Wilmington this 21st day of September, 2001, consistent with the memorandum opinion issued this date;

IT IS ORDERED that:

1. Defendants' motion to dismiss (D.I. 3) is granted on the 42 U.S.C. § 2000e et seq. claim and the Fifth Amendment claim.

2. The Clerk is directed to enter judgment in favor of defendants and against plaintiff on these claims.

3. The case is remanded to the Superior Court of New Castle County, Delaware, pursuant to 28 U.S.C. § 1444(c).

Sue L. Robinson

United States District Judge