IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KATHRYN MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-CV-145 GMS |
| | ) |
| GEOX USA, INC., and GEOX SPA, | ) |
| | ) |
| Defendants. | ) |

**ANSWER TO AMENDED COMPLAINT**

1. Admitted.

2. Admitted that Geox USA, Inc. is a Delaware corporation in the business of primarily selling shoes in the United States; otherwise denied.

3. Admitted.

4. This allegation states a legal conclusion as to which no response is required. To the extent that a response is deemed to be required, the allegation is denied.

5. This allegation states a legal conclusion as to which no response is required. To the extent that a response is deemed to be required, the allegation is denied.

6. Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny them.

7. Admitted Plaintiff was an employee of Geox USA, and that her employment began on or about February 2002 and ended on or about October 23, 2003; otherwise denied.

8. Denied.

9. Denied. By way of further answer, it is admitted that Plaintiff accepted a part time position working three days per week at the same salary.

1

10. Denied. By way of further answer, it is admitted that Plaintiff accepted a part time position working three days per week at the same salary.

11. Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and therefore deny them.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Admitted that on or about October 23, 2003 Plaintiff was no longer an employee of Defendant, Geox USA; otherwise denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

## COUNT I – TITLE VII VIOLATION

22. Defendants re-allege and incorporate herein by reference the responses to allegations contained in paragraphs 1 through 21 above as if fully set forth herein.

23. Denied.

24. Denied.

25. Denied.

## COUNT II – VIOLATION OF DELAWARE LAW

26. Defendant re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 25 above as if fully set forth herein.

27. Denied.

28. Denied.

## COUNT III – GOOD FAITH AND FAIR DEALING

29. Defendants re-allege and incorporate by reference herein their responses to the allegations contained in paragraphs 1 through 28 above as if fully set forth herein.

30. Denied.

31. Denied.

32. Denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by her failure to exhaust administrative remedies and/or other applicable federal or state statutes of limitation, jurisdictional and/or administrative requirements.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims fail in whole or in part because at all times Defendant made a good faith effort to comply with applicable law, acted lawfully and with legitimate non-discriminatory business reasons that were not a pretext for unlawful discrimination.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by her failure to mitigate damages.

DB01:1622870 1    064107 1001

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has waived or is estopped from asserting her claims.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint may be denied in whole or in part with the doctrine of after-acquired evidence.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant had in effect at all relevant times a procedure for employees to address claims of harassment or other discriminatory or retaliatory treatment and Defendant exercised reasonable care to prevent and properly correct any discriminatory or retaliatory treatment, but Plaintiff unreasonably failed to take advantage of these preventative and corrective opportunities or to avoid harm otherwise.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim under the Delaware Discrimination in Employment Act is subject to the exclusive jurisdiction of the Delaware Superior Court.

WHEREFORE, Defendant respectfully requests that this action be dismissed with prejudice, with costs and attorneys' fees assessed against Plaintiff.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ B.

Barry M. Willoughby, Esquire (No. 1016)
Teresa A. Cheek, Esquire (No. 2657)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6666
Facsimile: (302) 576-3345
Attorneys for Geox USA

Dated: July 25, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2005, I electronically filed a true and correct copy of the foregoing Answer To Amended Complaint with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record. A courtesy copy of such Answer To Amended Complaint was also hand delivered to the following counsel of record on this date.

> Robert D. Goldberg, Esquire
> Biggs & Battaglia
> 921 North Orange Street
> P.O. Box 1489
> Wilmington, DE 19899

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Barry M. Willoughby

Barry M. Willoughby, Esquire (No. 1016)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6666
Facsimile: (302) 576-3345
Email: bwilloughby@ycst.com
Attorneys for Geox USA, Inc.

Dated: July 25, 2005