IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KATHRYN MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  C.A. No. 05-CV-145 GMS |
| | ) |
| GEOX USA, INC., and GEOX SPA, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT GEOX USA, INC.'S REPLY BRIEF IN
SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Barry M. Willoughby, Esquire (Bar I.D. 1016)
Teresa A. Cheek, Esquire (Bar I.D. 2657)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6666; (302) 571-6676
Facsimile: (302) 576-3345; (302) 576-3286
E-mail: bwilloughby@ycst.com; tcheek@ycst.com
Attorneys for Defendant
GEOX USA, INC.

Dated: August 25, 2005

## TABLE OF CONTENTS

ARGUMENT ..........................................................................................................1

I. DEFENDANT'S MOTION TO DISMISS SHOULD BE GRANTED BECAUSE PLAINTIFF HAS NOT ALLEGED FACTS STATING A CLAIM UPON WHICH RELIEF MAY BE GRANTED. ...................................1

II. COUNT I OF THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UNDER TITLE VII BECAUSE PLAINTIFF HAS NOT OBTAINED A NOTICE OF RIGHT-TO-SUE FROM THE UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION. ................1

III. THE COURT SHOULD DISMISS COUNT II OF THE AMENDED COMPLAINT BECAUSE PLAINTIFF MAY ONLY PURSUE HER STATE LAW DISCRIMINATION CLAIM IN STATE COURT ...........................4

IV. THE AMENDED COMPLAINT FAILS TO DESCRIBE ACTIONABLE DISCRIMINATORY CONDUCT AND THEREFORE FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED. ........................................................................................................6

V. BECAUSE PLAINTIFF HAS NO VIABLE FEDERAL CLAIMS, THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS ASSERTED IN COUNTS II AND III OF THE AMENDED COMPLAINT. .......................7

CONCLUSION .....................................................................................................8

# TABLE OF AUTHORITIES

**Cases**

*Anjelino v. New York Times*,
200 F.3d 73 (3d Cir. 1999) ............................................................................................. 3

*Ex parte McNiel*,
80 U.S. 236 (U.S. 1872) ................................................................................................. 5

*First Transmit, Inc. v. City of Racine*,
359 F.Supp. 2d 782 (D. Wis. 2005) ............................................................................... 5

*Gooding v. Warner Lambert Company*,
744 F.2d 354 (3d Cir. 1984) .......................................................................................... 2

*Mallory v. Noble Correctional Institute*,
45 F. Appx. 463 (6th Cir. 2002) .................................................................................... 2

*Owens v. Kaiser Found. Health Plan, Inc.*,
244 F.3d 708 (9th Cir. 2001) ......................................................................................... 3

*Parry v. Mohawk Motors of Michigan, Inc.*,
236 F.3d 299 (6th Cir. 2000) ......................................................................................... 2

*Pietras v. Bd. of Fire Commissioners of Farmingville Fire Dist.*,
180 F.3d 468 (2d Cir. 1999) ...................................................................................... 2, 3

*Rivers v. Barberton Bd. Of Educ.*
143 F.3d 1029 (6th Cir. 1998) ....................................................................................... 3

*Rivers v. Barberton Board of Education*,
143 F.3d 1029 (6th Cir. 1998) ....................................................................................... 2

*Robinson v. City of Pittsburgh*,
120 F. 3rd 1286 (3rd Cir. 1997) ..................................................................................... 6

**Other Authorities**

*19 Del. C. § 1714 (a)* ............................................................................................................. 5

*19 Del. C. § 1714(b)* ............................................................................................................. 5

*19 Del. C. § 1714(c)* ............................................................................................................. 5

*19 Del. C. § 712(b)* ............................................................................................................... 4

*19 Del. C. § 714(a)* .................................................................................................... 4

*Fed. R. Civ. P. 12(b)(6)* ............................................................................................. 1

DB01:1824045.3    064107.1001

# ARGUMENT

## I. DEFENDANT'S MOTION TO DISMISS SHOULD BE GRANTED BECAUSE PLAINTIFF HAS NOT ALLEGED FACTS STATING A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Defendant GEOX USA's ("GEOX") Opening Brief pointed out that the standard for deciding a Motion for Judgment on the Pleadings under *Fed. R. Civ. P. 12(c)* for failure to state a claim upon which relief can be granted is the same as the standard for a motion to dismiss under *Fed. R. Civ. P. 12(b)(6)*. Plaintiff did not respond to this argument in her Answering Brief and is therefore presumed to concede that Defendant has accurately stated the law.

## II. COUNT I OF THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UNDER TITLE VII BECAUSE PLAINTIFF HAS NOT OBTAINED A NOTICE OF RIGHT-TO-SUE FROM THE UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION.

In its Opening Brief, GEOX pointed out that Count I of Plaintiff's Complaint must be dismissed because Plaintiff has failed to comply with the administrative requirements for bringing a Title VII claim. Defendant pointed out that the courts have found that Plaintiff's receipt of a right-to-sue letter before suit is more than a procedural nicety. The statutory scheme enacted by Congress dictates that Title VII plaintiffs fulfill their obligation to obtain a right-to-sue letter before bringing an action in court. Opening Brief at 5-7.

In response, the Plaintiff argues that since the issuance of a right-to-sue letter is not "jurisdictional," this Court should simply ignore the requirement and permit her action to proceed. While Defendant agrees that the issuance of a right-to-sue letter is not a jurisdictional requirement in the constitutional sense, that the failure to obtain such a letter deprives the Court of subject matter jurisdiction; the Courts have made clear that

obtaining a right-to-sue letter is a condition precedent to maintaining a cause of action. *Gooding v. Warner Lambert Company*, 744 F.2d 354 (3d Cir. 1984). Only special circumstances not present here justify excusing the Plaintiff from fulfilling this condition precedent to filing a Title VII claim.

None of the authorities cited in Plaintiff's Answering Brief are to the contrary. Plaintiff cites, for example, *Rivers v. Barberton Board of Education,* 143 F.3d 1029, 1031 (6th Cir. 1998), for the proposition that "a right-to-sue letter is merely a condition precedent, and not a jurisdictional requirement to bringing a Title VII action." Notably, Defendant relied on *Rivers* in its Opening Brief. It supports Defendant's position, rather than Plaintiff's. As set forth above, GEOX does not contend that Plaintiff's failure to have obtained a right-to-sue letter is a jurisdictional defect. Instead, exactly as was held in *Rivers,* it is a procedural condition precedent to the filing of a Title VII action. *See Parry v. Mohawk Motors of Michigan, Inc.,* 236 F.3d 299, 309 (6th Cir. 2000) and *Mallory v. Noble Correctional Institute,* 45 F. Appx. 463, 468 (6th Cir. 2002), relied upon by Plaintiff, are to the same effect.

Plaintiff next argues that the Court should unilaterally "waive" the requirement to obtain a right-to-sue letter citing *Pietras v. Bd. of Fire Commissioners of Farmingville Fire Dist.,* 180 F.3d 468, 474 (2d Cir. 1999). In *Pietras,* however, the EEOC refused to issue a right-to-sue letter to the plaintiff, apparently because the agency believed that he could not qualify as being "an employee" within the meaning of Title VII. Pietras was able to demonstrate to the court's satisfaction that he had made diligent efforts to obtain a right-to-sue letter. Because the court believed that Pietras was an employee and had taken reasonable steps to obtain a right-to-sue letter, the court excused the requirement.

2

Likewise, *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708 (9th Cir. 2001) is of no help to Plaintiff. In *Owens*, plaintiffs sought to affirmatively benefit from their failure to have obtained right-to-sue letters by arguing that the doctrine of *res judicata* did not apply to the dismissal of a prior action because they had not obtained right-to-sue letters. *Owens* simply held that, where the other requirements for *res judicata* have been met, a plaintiff cannot use his or her failure to obtain a right-to-sue letter to avoid application of the doctrine.

*Anjelino v. New York Times*, 200 F.3d 73 (3d Cir. 1999) is also inapposite. In that case, the plaintiff employees had obtained right-to-sue letters when they filed their initial Title VII Complaints. They subsequently alleged that retaliatory conduct had occurred. While the plaintiffs had filed new charges of discrimination with the EEOC alleging retaliation, they had not received right-to-sue letters prior to filing their amended complaints to raise retaliation claims. Since the plaintiffs had obtained right-to-sue letters prior to filing their initial complaints, the court found that it was not necessary that they obtain right-to-sue letters before filing their amended complaints.

In this case, the Plaintiff's initial Complaint did not allege Title VII claims. In her Amended Complaint, Plaintiff seeks for the first time to raise Title VII claims, but she concedes that she has not obtained a right-to-sue letter from the EEOC. Further, Plaintiff has offered no compelling reason for the Court to simply "waive" or excuse the requirement that she obtain a right-to-sue letter before filing suit. For example, Plaintiff does not allege facts similar to *Pietras, supra*, in which the EEOC declined to issue a right-to-sue letter that would form the basis for a decision to excuse the requirement. Accordingly, as noted, *Rivers v. Barberton Bd. Of Educ.*, 143 F.3d 1029 (6th Cir. 1998)

although receipt of a right-to-sue letter is not a jurisdictional pre-requisite, it is a condition precedent to filing a claim. Compelling facts, however, must be presented to justify excusing the requirement for the right-to-sue letter.

Plaintiff offers no explanation for her failure to have obtained a right-to-sue letter. Her Amended Complaint should therefore be dismissed.

### III. THE COURT SHOULD DISMISS COUNT II OF THE AMENDED COMPLAINT BECAUSE PLAINTIFF MAY ONLY PURSUE HER STATE LAW DISCRIMINATION CLAIM IN STATE COURT.

GEOX pointed out in its Opening Brief that the Delaware Discrimination in Employment Act (the "Act") was substantially modified in 2004 to give employees an exclusive statutory right to pursue a civil action for violations of the statute in the Superior Court. *See* 19 *Del. C.* *§§ 712(b); 714(a).* Among other things, the statute abolished the Equal Employment Review Board and adopted instead a process by which plaintiffs could proceed with state law claims in state court.

The General Assembly was concerned, however, about duplication of rights under the parallel federal employment discrimination statute, Title VII. Section 714 of the Act provides as follows:

> (a) A charging party may file a civil action in Superior Court, after exhausting the administrative remedies provided herein and receipt of a Delaware Right-to-sue Notice acknowledging same.
>
> (b) The Delaware Right-to-sue Notice shall include authorization for the charging party to bring a civil action under this chapter in Superior Court by instituting suit within 90 days of its receipt or within 90 days of receipt of a Federal Right-to-sue Notice, whichever is later.
>
> (c) The charging party shall elect a Delaware or federal forum to prosecute the employment discrimination cause of action so as to avoid unnecessary costs, delays and duplicative litigation. A charging party is barred by this election of remedies from filing cases in both Superior Court and the federal forum. If the charging party files in Superior Court

and in a federal forum, the respondent may file a motion to dismiss the Superior Court action under this election of remedies provision.

In response, Plaintiff argues that subsection (c) provides a statutory basis for federal jurisdiction over her state law claims. This subsection, however, was plainly designed to prevent a plaintiff from simultaneously pursuing her state law discrimination claims under the Act and her Title VII claims under federal law.

A plain reading of the statute shows that the Delaware General Assembly invested the Delaware Superior Court with jurisdiction over claims pursuant to the Delaware Discrimination in Employment Act. *See 19 Del. C. § 1714 (a) and (b)(b) & (c)*. Nothing in 19 *Del. C. § 1714 (c)* suggests that the General Assembly was attempting to confer jurisdiction in federal court for state law claims. Indeed, the Delaware General Assembly could not, even if it wished to, confer jurisdiction in federal court over a state law claim.

It is fundamental to American jurisprudence that federal courts are courts of limited jurisdiction. They may only hear cases in which jurisdiction is conferred upon them by the Constitution or an act of Congress. It has, therefore, long been held that states cannot confer jurisdiction on federal courts. *Ex parte McNiel*, 80 U.S. 236, 243 (U.S. 1872); ("A State law cannot give jurisdiction to any Federal court. . ."); *First Transmit, Inc. v. City of Racine*, 359 F. Supp. 2d 782, 785 (D. Wis. 2005) (federal law controls this court's subject matter jurisdiction, and state law cannot expand or contract that grant of jurisdiction."). Plaintiff's claim under the Act should therefore be dismissed.

## IV. THE AMENDED COMPLAINT FAILS TO DESCRIBE ACTIONABLE DISCRIMINATORY CONDUCT AND THEREFORE FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

In its Opening Brief Defendant, GEOX, pointed out that under Title VII, a Plaintiff must do more than make vague or conclusory allegations to establish actionable conduct. Plaintiff must establish "material" changes in her employment that were caused or motivated by discriminatory animus. *See* Defendant's Opening Brief, pages 10-12 and authorities therein.

In response, Plaintiff concedes that she must establish "material" changes to state a cause of action. She alleges that the alleged changes in her employment were "material" because her "job duties were circumscribed because of her national original, that she was falsely told that the problem would be addressed and that it was not, and that she was terminated." Answering Brief at 9.

Only her claim that she was terminated constitutes a material adverse job action. Her other claims simply do not rise to the level of an adverse job action under Title VII. The Third Circuit has noted that insults, slights, and unpleasantness do not create a valid Title VII claim. *See Robinson v. City of Pittsburgh*, 120 F. 3rd 1286 1297 (3rd Cir. 1997). Instead, the alleged adverse action must be "serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment." *Id.* at 1300-1301. In this case, since the Plaintiff has not alleged facts sufficient to meet that standard, her claims, other than her alleged dismissal, should be dismissed. Accordingly, if the Court otherwise permits the action to proceed, only Plaintiff's termination claims are of sufficient magnitude to survive.

6

V. **BECAUSE PLAINTIFF HAS NO VIABLE FEDERAL CLAIMS, THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS ASSERTED IN COUNTS II AND III OF THE AMENDED COMPLAINT.**

In its Opening Brief, GEOX argued that, in the absence of a viable basis for federal jurisdiction, the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. In this case, the action is at the early pleading stage. Without a viable Title VII claim, there is no basis for federal jurisdiction. The action should be dismissed.

In response, Plaintiff does not disagree that her state law claims should be dismissed if her Title VII claim does not survive. Instead, Plaintiff suggests that she should have an opportunity to transfer her state law claims to a state court so that charges therein relate back to the original filing in this Court in the interest of "fairness to the parties." There is, however, no statutory or other basis to "transfer" a case from federal court to state court. The question of whether an action subsequently filed in state court relates back to the Plaintiff's now dismissed original Complaint is one that is properly reserved for the state courts.

## CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that this Court grant Defendant GEOX's Motion for Judgment on the Pleadings with respect to Plaintiff's Amended Complaint.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Barry M. Willoughby

Barry M. Willoughby (No. 1016)
Teresa A. Cheek, Esquire (No. 2657)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6666; (302) 571-6676
Facsimile: (302) 576-3345; (302) 576-3286
E-mail: bwilloughby@ycst.com; tcheek@ycst.com
Attorneys for Defendant
GEOX USA, INC.

Dated: August 25, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2005, I electronically filed a true and correct copy of the foregoing Defendant GEOX USA, INC.'s Reply Brief in Support Of Its Motion for Judgment On the Pleadings with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record. A courtesy copy of such Defendant GEOX USA, INC.'s Reply Brief in Support Of Its Motion for Judgment On the Pleadings was also hand delivered to the following counsel of record on this date.

        Robert D. Goldberg, Esquire
        Biggs & Battaglia
        921 North Orange Street
        P.O. Box 1489
        Wilmington, DE 19899

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        /s/ 
        _____
        Barry M. Willoughby (No. 1016)
        Teresa A. Cheek, Esquire (No. 2657)
        The Brandywine Building, 17th Floor
        1000 West Street, P.O. Box 391
        Wilmington, Delaware 19899-0391
        Telephone: (302) 571-6666; (302) 571-6676
        Facsimile: (302) 576-3345; (302) 576-3286
        E-mail: bwilloughby@ycst.com; tcheek@ycst.com
        Attorneys for Defendant
        GEOX USA, INC.

Dated: August 25, 2005