IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KATHRYN MILLER,                    )
                                   )
            Plaintiff,             )
                                   )
        v.                         )     C.A. No. 05-CV-145 GMS
                                   )
GEOX USA, INC.,                    )     **Trial By Jury Demanded**
                                   )
            Defendant.             )

## JOINT STATUS REPORT

The parties, by and through the undersigned counsel, respectfully submit the following

joint status report:

1.      **Jurisdiction and Service.** The Court has subject matter jurisdiction. Both parties

are subject to the Court's jurisdiction. None remain to be served.

2.      **Substance of the Action.** Plaintiff claims that Defendant discriminated against

her with respect to her job duties and assignment on the basis of her national origin (American)

in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Plaintiff, a

United States citizen, alleges that she was discriminated against on the basis of her national

origin. She contends that, although she was appointed to the position of Controller of Defendant,

she was excluded from management decisions, denied authority to make decisions normally

within the purview of her job and further that she was, in reality, only hired to perform routine

accounting during Defendant's busy season, after which she was replaced by a person of Italian

origin. Defendant denies that it engaged in any wrongdoing and asserts that at all times

Defendant made a good faith effort to comply with applicable law, and acted lawfully and with

legitimate non-discriminatory business reasons that were not a pretext for unlawful

discrimination. In addition, Defendant asserts that Plaintiff's claims are barred in whole or in part

because Defendant had in effect at all relevant times a procedure for employees to address claims of harassment or other discriminatory or retaliatory treatment and Defendant exercised reasonable care to prevent and properly correct any discriminatory or retaliatory treatment, but that Plaintiff unreasonably failed to take advantage of these preventative and corrective opportunities or to avoid harm otherwise. Defendant also claims that Plaintiff fails to state a claim on which relief can be granted.

3.    **Identification of Issues.** Primarily, this case entails factual disputes over claimant's treatment. Specifically at issue is whether or not Plaintiff was discriminated against and whether or not the various discriminatory acts were motivated by bias against her and in favor of persons of Italian origin. The primary legal issues are whether the conduct alleged by Plaintiff rises to the level of actionable discrimination, whether Plaintiff has properly mitigated her damages, and whether Plaintiff has stated a claim for breach of the duty of good faith and fair dealing.

4.    **Narrowing of Issues.** The issues in this case have already been partially narrowed by stipulation. Defendant anticipates filing a motion for summary judgment once discovery has been taken.

5.    **Relief.** Plaintiff seeks lost pay due to the fact that she was induced to leave a part time job which had possibilities for expansion and advancement in order to work for Defendant. After she was fired by Defendant, she was unable to return to her part time position or find comparable work. Plaintiff also seeks compensation for the emotional distress she allegedly endured during and after the period she worked for Defendant. Defendant denies that Plaintiff is entitled to damages or any other relief. Defendant also submits that Plaintiff's damage claims are subject to the limits provided for by Title VII.

DB01:1893714 1                                                                    064107 1001

6.     **Amendment of Pleadings.** Plaintiff has already amended her Complaint.  No further amendments are anticipated.

7.     **Joinder of Parties.** No joinder is anticipated.

8.     **Discovery.** Plaintiff anticipates the filing of Interrogatories and Document Requests as well as depositions of approximately three persons.  Defendant anticipates the filing of Interrogatories and Document Requests as well as the deposition of Plaintiff and possibly of witnesses disclosed by Plaintiff.

9.     **Estimated Trial Length.** Bifurcation would not be feasible or desirable in this matter.  Parties estimate that the trial should take three days.

10.     **Jury Trial.** Plaintiff has demanded a jury trial.

11.     **Settlement.** The parties have engaged in settlement discussions but have not been able to reach agreement.  The parties believe referral to the Magistrate for mediation would be appropriate.

12.     **Other Matters.** There are no other matters with counsel believe are necessary to discuss at the scheduling conference.

13.     Counsel for the parties have conferred about each of the above matters.

BIGGS & BATTAGLIA

Robert D. Goldberg, Esq. (I.D. No. 631)
921 North Orange Street
P.O. Box 1489
Wilmington, DE 19899-1489
Phone: (302) 655-9677
Fax: (302) 655-7924
Email: Goldberg@batlaw.com
Attorneys for Plaintiff

Dated: November 1, 2005

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Barry M. Willoughby, Esq. (I.D. No. 1016)
Teresa A. Cheek, Esq. (I.D. No. 2657)
The Brandywine Building
1000 West Street, P.O. Box 391
Wilmington, DE 19899-0391
Phone: (302) 571-6676
Fax: (302) 576-3286
Email: tcheek@ycst.com
Attorneys for Defendant

3